UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.H. and V.P., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LIFELONG ADOPTIONS, INC.,<br><br>Defendant. | Case No. 1:25-cv-00441-JLT-BAM<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY**<br><br>(Doc. 2) |

Plaintiffs E.H. and V.P., proceeding with counsel, initiated this action on April 16, 2025, against Defendant Lifelong Adoptions, Inc. (Doc. 1.) On the same date, Plaintiffs filed the instant motion requesting to appear and proceed in this action pseudonymously because this case involves unplanned pregnancies and adoption services. (Doc. 2.) Defendant LifeLong Adoptions, Inc. was served with a copy of the motion, along with the summons and complaint. (*See* Doc. 5.) Although LifeLong has filed a motion to dismiss, it has not filed any opposition or objection to the instant motion. (*See generally* Docket.) Having considered the motion, and for the reasons that follow, Plaintiffs' motion to proceed pseudonymously will be granted.

## LEGAL STANDARD

The normal presumption in litigation is that parties must use their real names, which is loosely related to the public's right to open courts and the right of private individuals to confront

1

1   their accusers. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th

2   Cir. 2010) (citations omitted).  However, courts permit parties to proceed anonymously when

3   special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d

4   1058, 1067 (9th Cir. 2000).  In the Ninth Circuit, a party may proceed with a pseudonym "in the

5   'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from

6   harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quotation and citation

7   omitted).  "[A] party may preserve his or her anonymity in judicial proceedings in special

8   circumstances when the party's need for anonymity outweighs prejudice to the opposing party

9   and the public's interest in knowing the party's identity." *Id.* at 1068.  Applying this balancing

10  test, courts have permitted plaintiffs to use pseudonyms in three situations:  (1) when

11  identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is

12  necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when

13  the anonymous party is compelled to admit his or her intention to engage in illegal conduct,

14  thereby risking criminal prosecution.  *Id.* (citations omitted).

**DISCUSSION**

16  Plaintiffs request that they be allowed to proceed under pseudonyms because the case

17  involves unintended pregnancies and the decision of whether to place a child up for adoption.

18  (Doc. 2 at 1-4.)  In their complaint, Plaintiffs allege that Defendant LifeLong is a for-profit

19  adoption agency.  Plaintiffs further allege that they experienced unplanned pregnancies, they

20  accessed Defendant LifeLong's website to request consultations due to their unplanned

21  pregnancies, and unbeknownst to them, Defendant LifeLong allegedly collected their personally

22  identifiable, highly sensitive information, including the fact that they were seeking adoption

23  services, and provided that information to third-party internet advertisers in exchange for

24  marketing services.  (Doc. 1, Compl. ¶¶ 1-10; *see also* Doc. 2 at 1-2.)

25  Plaintiffs assert that due to the highly sensitive factual matter underlying this action,

26  Plaintiffs are at severe risk of suffering embarrassment and reputational harm if they are not

27  permitted to proceed pseudonymously.  As alleged in their complaint, Plaintiffs explain that

28  "numerous studies have noted that feelings of intense shame are often experienced by mothers

1  experiencing unintended pregnancy, particularly due to the intense social stigma attached in many
2  communities." (Doc. 2 at 2; Compl. ¶ 95.) Plaintiffs assert that their need for anonymity
3  outweighs the public's interest in knowing their identities. Plaintiffs acknowledge that while "the
4  public certainly has an interest in the subject matter of the litigation—the surreptitious farming of
5  sensitive, personal information by website providers—that interest is not particularly advanced by
6  identifying the names of two out of the thousands of impacted individuals." (Doc. 2 at 4-5.)

7  Plaintiffs allege that through the surveillance software installed on its website, Defendant
8  LifeLong "surreptitiously recorded, transmitted, and sold Plaintiffs' communications regarding
9  the most private, sensitive, and embarrassing aspects of their lives: their struggle with the
10 decision of whether to place a child up for adoption. (Doc. 2 at 4, citing Compl. ¶¶ 1-10, 64-73.)
11 Plaintiffs contend that if the "Court refuses to allow them to proceed pseudonymously, it will
12 essentially be holding that, to seek recompense for the unlawful disclosure of highly sensitive
13 personal information, a potential litigant must first make that same highly sensitive information
14 available to the public." (*Id.*) Plaintiffs assert that such a rule "would undoubtedly have a severe
15 chilling effect on any similar litigation in the future." (*Id.*) According to Plaintiffs, many federal
16 courts have recognized that, "where forcing a plaintiff to publicly identify herself would deter
17 similar claims, there is a significant public interest served by allowing the plaintiff to proceed
18 pseudonymously." (*Id.* at 4 (citing cases).)

19 Additionally, Plaintiffs contend that Defendant LifeLong will not be prejudiced if
20 Plaintiffs are allowed to proceed pseudonymously because they will privately disclose their
21 identities to Defendant LifeLong through their counsel. (Doc. 2 at 3.)

22 The Court finds good cause to grant the motion based on the allegations at issue and
23 because of Plaintiffs' representation that their identities will be disclosed privately to Defendant
24 LifeLong through counsel. "Federal courts specifically favor anonymity when cases involve
25 pregnancy and childbirth, due to its extremely personal nature." *A.D. v. Church & Dwight Co.*,
26 No. 2:24-CV-02701 WBS SCR, 2025 WL 83303, at *1 (E.D. Cal. Jan. 13, 2025) (citation
27 omitted).
28

**CONCLUSION AND ORDER**

Having considered the motion, the Court concludes that Plaintiffs' need for anonymity outweighs any countervailing interests. Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion to proceed pseudonymously (Doc. 2) is GRANTED.

IT IS SO ORDERED.

Dated: **June 20, 2025**                     /s/ *Barbara A. McAuliffe*
                                                                 UNITED STATES MAGISTRATE JUDGE