UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E.H. and V.P., on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

LIFELONG ADOPTIONS, INC.,

Defendants.

Case No.  1:25-cv-00441-JLT-BAM

ORDER GRANTING IN PART THE JOINT MOTION REQUESTING A STAY AND CONTINUING INITIAL SCHEDULING CONFERENCE

(ECF No. 45)

I.    BACKGROUND

Pending before the Court is the parties' joint motion requesting that the Court stay all pending deadlines in this action until Defendant Lifelong Adoptions, Inc.'s ("Lifelong") motion to dismiss has been decided.  (ECF No. 45.) A scheduling conference is currently set for April 15, 2026, before Magistrate Judge Frank J. Singer.  (ECF No. 42.) The parties seek to continue this scheduling conference on the basis that any proposed deadlines and procedures suggested in the parties' joint scheduling report are likely to require re-adjustment based on the outcome of the pending motion to dismiss. (ECF No. 45 ¶ 5.)

II.    DISCUSSION

After considering the parties' joint motion and other relevant pleadings and papers filed in this action, and good cause appearing, the Court hereby grants in part the parties' motion to the

extent that the scheduling conference currently set for April 15, 2026, is continued six (6) months to October 7, 2026, at 10:00 AM in Courtroom 8 (FJS) before Magistrate Judge Frank J. Singer. The parties shall file a Joint Scheduling Report seven (7) days prior to the conference. The parties shall appear at the conference remotely by telephone. The parties will be provided with the telephonic conference information by the Courtroom Deputy prior to the conference.

The Court declines to otherwise stay this action pending a ruling on Lifelong's motion to dismiss. The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *Mlejnecky v. Olympus Imaging Am. Inc.*, 2011 WL 489743, at *6 (E.D. Cal. 2011). District courts do not favor blanket stays of discovery because "delaying or prolonging discovery can create unnecessary litigation expenses and case management problems." *Salazar v. Honest Tea, Inc.*, 2015 WL 6537813, at *1 (E.D. Cal. 2015) (internal citation omitted).

No scheduling order has been issued in this action and the parties are not subject to impending discovery deadlines. As such, any stay of the action would be premature at this time.[1] *See* Fed. R. Civ. P. 26(d); *White v. Cap. One, N.A.*, No. 1:24-CV-00633-SKO, 2025 WL 254020 (E.D. Cal. Jan. 21, 2025) (declining as premature a motion to stay discovery pending resolution of a motion to dismiss when a Rule 26(f) conference had not been held). Good cause appearing, the Court is amenable to further continuances of the scheduling conference or other case deadlines as judicial economy requires.

III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART the parties' joint motion requesting a stay (ECF No. 45) to the extent that the scheduling conference currently set for April

---

[1] This Court has traditionally applied a two-part test when evaluating a request for a stay of discovery in the face of a pending potentially dispositive motion. *Mlejnecky*, 2011 WL 489743, at *6. "First, the pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is aimed. Second, the court must determine whether the pending, potentially dispositive motion can be decided absent additional discovery." *Id.* As the parties have not argued that a stay is warranted under the two-part test outlined in *Mlejnecky*, and because a scheduling order has not yet been entered, the Court need not reach the issue here.

2

15, 2026, is continued six (6) months to <u>October 7, 2026, at 10:00 AM in Courtroom 8 (FJS)</u> <u>before Magistrate Judge Frank J. Singer</u>.  The joint motion is otherwise DENIED.

IT IS SO ORDERED.

Dated:    **April 9, 2026**

_____
FRANK J. SINGER
UNITED STATES MAGISTRATE JUDGE

3